UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES S. BARROW                                                          PLAINTIFF

LEO DANIEL COOK                                              INTERVENING PLAINTIFF

v.                                               CIVIL ACTION NO. 3:14-CV-00219-CRS

CITY OF HILLVIEW, KENTUCKY, *et al*.                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of Defendants, City of Hillview, Kentucky; Glenn Caple, in his individual capacity; and Kenneth Straughn, in his individual capacity, for their Objection and Motion to Strike Portion of Response to Defendants' Motion for Summary Judgment (DN 56.) For the reasons stated herein, the court will **DENY** Defendants' motion.

I. DISCUSSION

Defendants filed a motion for summary judgment (DN 54) on all counts of Plaintiff James S. Barrow's Amended Complaint (DN 6) and Intervening Plaintiff Leo Daniel Cook's Intervening Complaint (DN 14). Plaintiffs' Response to Defendants' Motion for Summary Judgment contained the following language: "Defendants plainly had the intention of building termination cases against them, and in Cook's case were on the verge of termination when outside (insurance) counsel intervened." (DN 55, 4.)

Defendants filed the motion currently before the court on the grounds that "counsel makes a gratuitous and inaccurate mention of settlement negotiations" and that the language they

object to is "inadmissible and wholly improper" under Federal Rules of Civil Procedure (FRCP) Rule 56(c)(2). (DN 56, 2.)

The court will deny the Defendants' motion because a motion to strike is not an appropriate means to object to a fact under FRCP 56. "Motions to strike are no longer appropriate under the 2010 amendments to Rule 56." *Smith v. Interim HealthCare of Cincinnati, Inc.*, 2011 WL 6012971, at *4 (S.D. Ohio Dec. 2, 2011). The advisory notes to the 2010 amendments of Rule 56 state:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Fed. Rules Civ. Proc. Rule 56, 2010 Amendment, Advisory Committee Notes. Therefore, Defendants' motion will be denied.

## II. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, the Court **HEREBY ORDERS** that the Objection and Motion to Strike Portion of Response to Defendants' Motion for Summary Judgment (DN 56) of Defendants City of Hillview, Kentucky; Glenn Caple, in his individual capacity; and Kenneth Straughn, in his individual capacity, is **DENIED.**

**IT IS SO ORDERED.**

December 14, 2017

Charles R. Simpson III, Senior Judge
United States District Court